UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHALIECE D. HALL,

      Plaintiff,

v.                                  Case No:   2:17-cv-607-FtM-29MRM

THE UNITED GROUP OF COMPANIES,
INC., CARLYLE INVESTMENT
MANAGEMENT LLC and UNITED
PAYROLL, LLC,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Joint Motion to Approve [ ] Settlement and Dismiss Action With Prejudice, and Settlement Agreement and Release of the FLSA Claim, both filed on December 12, 2018.  (Doc. 37; Doc. 37-1).  Plaintiff Shaliece D. Hall and Defendants The United Group of Companies, Inc. and United Payroll, LLC jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement with a modification.

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that in May 2016, Defendants hired Plaintiff as the Director of Activities for Defendants' property.  (Doc. 21 at 3 ¶¶ 16-17).  Plaintiff asserts that with the knowledge of her supervisors, she would clock out and then return to work to keep her hours within an acceptable range.  (*Id.* at 7 ¶ 44).  Plaintiff claims that she worked at least

seven (7) to twenty (20) hours of overtime per week.  (*Id.* at 7 ¶ 42).  Plaintiff further claims that Defendants failed to pay Plaintiff her overtime wages.  (*Id.* at 7 ¶ 45).[1]

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

---

[1]  In the Amended Complaint, Plaintiff also brings a claim for Pregnancy Discrimination.  (Doc. 21 at 5-7).  Here, the Court focuses solely on the allegations raised pursuant to the FLSA to determine if the settlement as to the FLSA claim is a fair and reasonable resolution of this dispute.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

*Id.* at 1354.

The Court turns to the provisions of the Settlement Agreement and Release of FLSA Claims.  (Doc. 37-1).

## ANALYSIS

The parties agree that there are disputed issues concerning whether Plaintiff worked in excess of forty (40) hours in a workweek.  (Doc. 37 at 2, 4-5).  Plaintiff claims that she did not report all of her hours worked and, as a result, worked overtime hours for which she was not compensated.  (*Id.*).  Defendants deny these claims and cite to Plaintiff's time and pay records in support of their position.  (*Id.*)  The parties entered into settlement negotiations and claim that they reached a reasonable compromise of the disputed issues.  (*Id.* at 4).  Thus, even though bona fide disputes exist between the parties and to avoid the risk and expense of continued litigation, the parties decided to settle this matter.  (*Id.* at 5).

*Monetary Terms of the Settlement Agreement*

Under the terms of the Settlement Agreement and Release of the FLSA Claim, Defendants agree to pay Plaintiff $400.00 for back wages and $400.00 for liquidated damages. (Doc. 37-1 at 3-4).  The parties state that the terms and conditions of the Settlement Agreement constitute a fair and reasonable resolution of a bona fide dispute with respect to Plaintiff's FLSA claim.  (Doc. 37 at 2).  The Undersigned finds that based upon the representations of the parties, these monetary amounts are a fair and reasonable resolution of the claims in this action.

*Waiver of Jury Trial*

In the  settlement Agreement, Plaintiff waives "any right to a jury trial with respect to any claims arising out of or connected to this Agreement."  (Doc. 37-1 at 5 ¶ 8).  "'[A] suit for lost wages under the [FLSA] carries a seventh amendment jury right.'"  *Raynon v. RHA/Fern Park*

*Mr., Inc.*, No. 6:14-CV-1112-ORL-37, 2014 WL 5454395, at \*3 (M.D. Fla. Oct. 27, 2014)

(citations omitted).  Here, nothing in the Settlement Agreement indicates that Plaintiff received

additional consideration for waiving the right to a jury trial.  Accordingly, the Undersigned

cannot recommend approval of the Waiver of Jury Trial provision.

However, the Severability provision in the Settlement Agreement provides a cure.  The

Severability provision provides:

> Should any provision of this Agreement set forth herein be declared illegal or
> unenforceable by any court of competent jurisdiction, such that it cannot be
> modified to be enforceable, excluding the release language, such provision shall
> immediately become null and void, leaving the remainder of this Agreement in full
> force and effect with respect to Plaintiff's FLSA claims.

(Doc. 37-1 at 5 ¶ 8).  Thus, the Undersigned recommends that the Waiver of Jury Trial provision

be severed and stricken from the Settlement Agreement as unenforceable.

*Attorney's Fees*

Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $200.00.

(Doc. 37-1 at 3 ¶ 4d).  The parties negotiated the amount of attorney's fees and costs separately,

and without regard to the amount paid to Plaintiff.  (Doc. 37-1 at 3-4).  As explained in *Bonetti v.*

*Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to

insure that no conflict [of interest between an attorney's economic interests and those of his

client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's

recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed

independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the

reasonableness of the plaintiff's settlement."  In Bonetti, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a
> compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the
> terms of settlement, including the factors and reasons considered in reaching same
> and justifying the compromise of the plaintiff's claims; and (3) represents that the

plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiff.  (Doc. 37-1 at 3-4).  Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

### CONCLUSION

The Undersigned finds that the Settlement Agreement and Release of FLSA Claim (Doc. 37-1) appears reasonable on its face with the exception of the Waiver of Jury Trial provision.  Accordingly, the Undersigned recommends that the Joint Motion to Approve [ ] Settlement and Dismiss Action With Prejudice (Doc. 37) be granted and the Settlement Agreement and Release of the FLSA Claim (Doc. 37-1) be approved with the modification that the presiding District Judge sever and strike the Waiver of Jury Trial provision.  (*Id.* at 5 ¶ 8).

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1)   The Joint Motion to Approve [ ] Settlement and Dismiss Action With Prejudice (Doc. 37) be **GRANTED** with the modification that the Court sever and strike the Waiver of Jury Trial provision in the Settlement Agreement and Release of the FLSA Claim.

2)   The Settlement Agreement and Release of the FLSA Claim (Doc. 37-1) be approved as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues with the modification stated above.

3)      If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 20, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties